UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES S. ANDRADE, JR., <br>          Plaintiff, <br><br> v. <br><br> MASSACHUSETTS DEPARTMENT OF CORRECTION, <br>          Defendant. | Civil Action No. 1:22-cv-11899-FDS |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

In the Fall of 2021, the Commonwealth of Massachusetts was plagued by a pandemic causing severe illness and death. As a result, beginning in October 2021, all employees of the Executive Branch of Massachusetts state government were required to show proof of vaccination, unless a reasonable accommodation could be provided (i.e., an exemption from the vaccine requirement) for employees not able to receive COVID-19 vaccination due to medical disability or a sincerely held religious belief.

On October 13, 2021, at the height of the COVID-19 pandemic, after careful consideration by agency officials, Plaintiff James Andrade, Jr. ("Plaintiff"), a Correction Officer employed by the Massachusetts Department of Correction ("DOC"), was denied a religious exemption from the Commonwealth's vaccine requirement. DOC oversees the state prison system and provides custody, care, and programming for those under its supervision to prepare them for safe and successful reentry into the community.[1] Plaintiff's request to perform his in-person work (maintaining custodial care and control of incarcerated individuals) while unvaccinated would have created a substantial burden on DOC's operations, and would have put

---

[1] DOC is a constituent agency of the Executive Office of Public Safety and Security ("EOPSS").

at great risk the safety and welfare of incarcerated individuals ("I/Is") at DOC facilities, as well as Plaintiff himself and his coworkers. Allowing Plaintiff to perform his work unvaccinated also would have undermined trust and confidence in the safety and security of the services DOC provides to I/Is. As a result, Plaintiff's vaccination exemption request was denied.

The Defendant's determination that Plaintiff would pose a substantial health and safety risk to fellow employees and the public was both legally and factually sound. Accordingly, summary judgment should be entered for DOC on Plaintiff's sole count of religious discrimination in the Complaint (ECF No. 1).

Respectfully submitted,

MASSACHUSETTS DEPARTMENT OF CORRECTION,

By Its Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins (BBO# 640371)
Special Assistant Attorney General
Morgan, Brown & Joy, LLP
200 State Street, Suite 11A
Boston, MA 02109
Tele: (617) 523-6666
Fax: (617) 367-3125
jcollins@morganbrown.com

Dated: June 28, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, a copy of the foregoing document, filed through the ECF system, will be served on all parties as provided by the Notice of Electronic Filing (NEF).

                                                 */s/ Jeffrey T. Collins*
                                                 Jeffrey T. Collins